UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80946-CIV-RYSKAMP/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TALMAGE MOORE, et al.,

    Defendants.
_____/

## ORDER GRANTING TALMAGE MOORE'S MOTION TO QUASH NOVEMBER 1, 2006 SERVICE OF PROCESS

THIS CAUSE comes before the Court pursuant to Defendant Talmage Moore's Motion to Dismiss/Quash Service of Process, filed November 21, 2006 **[DE 12]**. The United States did not respond. This motion is ripe for adjudication.

The United States filed this action in this Court on or about October 13, 2006. On or about November 1, 2006, an individual went to the home of Defendant Judy Lynn Moore ("Ms. Moore") at 1777 West Terrace Drive, Lake Worth, FL 33460, to serve her and her son, Talmage Moore, with the complaint and summons. When the individual handed Ms. Moore the summons and complaint, he did not identify what the documents were. (Moore Aff., 6.) Upon closer examination of the documents, Ms. Moore noted that there were two summonses, one for her and one for Talmage Moore. (Moore Aff., 6.) The summons for Talmage Moore indicated that he lived at the residence. Ms. Moore and her son once co-owned the residence at 1777 West Terrace Drive, but on February 8, 2005, title to the residence transferred solely to Ms. Moore. (Moore Aff., 3.) Ms. Moore testified that the residence is not her son's dwelling house or usual

2

place of abode, nor did he reside there on November 1, 2006. (Moore Aff., 7-8.) Ms. Moore also testified that she is not authorized to accept service on behalf of her son. (Moore Aff., 9.) Talmage Moore moves to quash the service of process on the grounds that the residence is not his dwelling or usual place of abode.

The United States did not respond to the motion to quash. Rather, on January 12, 2007, it issued another summons to Talmage Moore, listing his address at 1777 West Terrace Drive.

Rule 4(e) of the Federal Rules of Civil Procedure provides that service may be effected pursuant to state law, by delivering a copy of the summons and the complaint to the defendant personally, by leaving a copy of the summons and the complaint at the defendant's residence with a person of suitable age and discretion residing therein, or by delivering a copy of the summons and complaint to the defendant's authorized agent. Florida Statute § 48.031(1)(a) provides that service may be effected by delivering a copy of the complaint, petition, or other initial pleading or paper to the defendant or by leaving copies thereof at the defendant's residence with any person residing therein who is 15 years of age or older and informing that person of the contents of the documents.

The November 1, 2006 attempted service on Talmage Moore does not meet the requirements of either the Federal Rules or the Florida statute. Ms. Moore has testified that the 1777 West Terrace Drive residence was not her son's dwelling place or usual place of abode as of November 1, 2006. Nor is she authorized to accept service on his behalf. There is no indication that Talmage Moore has waived personal service or attempted to evade service.

Such is not to say that the January 12, 2007 summons is also defective, as the record gives no information regarding Talmage Moore's residence as of that date or the means by which

3

the United States attempted service.  It is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss/Motion to Quash, filed November 21, 2006 **[DE 12]** is GRANTED as to the November 1, 2006 summons only.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 30th day of January, 2007.

Copies provided:                   Kenneth L. Ryskamp
all parties and counsel of record     KENNETH L. RYSKAMP
                                           UNITED STATES DISTRICT JUDGE